UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIANCA CASTILLO, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                    Plaintiff,

      -against-

AVI FOOD SYSTEMS, INC.,

                 Defendant.

**COMPLAINT**

**Docket No.:**   24-cv-6591

Jury Trial Demanded

BIANCA CASTILLO ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against AVI FOOD SYSTEMS, INC. ("Defendant"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 12 § 146-1.4; (iii) the NYLL's requirement that employers pay all earned wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 146-1.2; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum

wage rate when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (vi) the NYLL's prohibition against making unlawful deductions from an employee's wages, NYLL § 193; (vii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (viii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); (ix) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (x) an anti-retaliation provision of the NYLL, NYLL § 215(1); and (xi) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiff worked for Defendant - - an Ohio corporation that operates cafeterias in educational institutions, hospitals, and businesses throughout the United States - - as a cashier, grill worker, and food preparer, in New York, from on or about August 28, 2022, until May 2, 2023.  As described below, throughout her employment with Defendant working at Mercy University's Bronx and Westchester campuses, Defendant willfully failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL, all of her earned wages under the NYLL, or at least at the minimum wage rate for all hours worked under the NYLL. Specifically, throughout her employment, Defendant routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each workweek.  Yet in exchange, for most weeks, Defendant paid Plaintiff on an hourly basis for only some of the first forty hours that she worked during the week, and paid her nothing for the hours that she worked over forty in a week.  Thus, Defendant did not pay Plaintiff at the statutorily-required rate of one and one-half times her regular rate for all of the hours that Plaintiff worked over forty in a week, in violation of the FLSA and the NYLL, or all of her earned wages under the NYLL, which also

constitutes an unlawful deduction from her wages.  Moreover, when dividing Plaintiff's total weekly pay received by her total hours worked, Plaintiff's effective rate of pay fell below the minimum wage rate that the NYLL requires for each hour of work.

3.       Defendant further violated the NYLL and/or the NYCRR by failing to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate for all days when her workday exceeded ten hours from beginning to end.

4.       Additionally, Defendant also took unlawful deductions from Plaintiff's earned wages by paying her only a portion of what it had agreed to pay Plaintiff as her regular hourly rate of pay.

5.       Lastly, Defendant violated the NYLL by failing to provide Plaintiff with a wage statement on each payday that accurately listed, *inter alia*, her actual hours worked, her regular and overtime rates of pay and wages owed, and her spread of hours wages owed, or with any wage notice at the time of her hire, let alone an accurate notice.

6.       Defendant paid and treated all of its non-managerial hourly employees at locations throughout New York in the same manner.

7.       Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who worked for Defendant in New York, and who suffered damages as a result of Defendant's violations of the FLSA.  Plaintiff brings her claims under the NYLL and the NYCRR on behalf of herself, individually, and on behalf of any FLSA Plaintiff who worked for Defendant in New York, as that term is defined below, who opts-in to this action.

8.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period, who worked for Defendant in New York, and who suffered damages as a result of Defendant's violations of the NYLL and the NYCRR.

9.      Making matters worse, after Plaintiff complained to Defendant about its failure to pay her all of her earned wages, including overtime at the rate of one and one-half times her regular rate of pay, Defendant retaliated by terminating Plaintiff's employment.  Accordingly, on an individual basis only, Plaintiff brings retaliation claims under the FLSA and the NYLL.

## JURISDICTION AND VENUE

10.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

11.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

12.      At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

13.      At all relevant times, Defendant was and is an Ohio corporation with its principal place of business located in Warren, Ohio, and which is registered with the New York State of Department of State as a Foreign Business Corporation to receive service at 2590 Elm Road NE, Warren, Ohio 44483.

14. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant's qualifying annual business exceeded and exceeds $500,000, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as Defendant employed and employs two or more employees and conducts business across state lines, as evidenced by it being an Ohio corporation that does business in, at least, New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial hourly employees, who at any time during the applicable FLSA limitations period, performed any work for Defendant as a cafeteria worker, or in any other similar position, in New York, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times, Defendant is and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their

respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and continues to choose not to do so.

18.    Indeed, Plaintiff and some FLSA Plaintiffs have lodged numerous complaints to Defendant throughout their employment that Defendant was or is not paying them overtime compensation in accordance with the law, but Defendant has continued not to do so.

19.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

20.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendant subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

21.    Under FRCP 23(b)(3), a plaintiff must plead that:

    a.    The class is so numerous that joinder is impracticable;

    b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.    Claims or defenses of the representative are typical of the class;

    d.    The representative will fairly and adequately protect the class; and

    e.    A class action is superior to other methods of adjudication.

22.    Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial hourly employees, who during the applicable NYLL limitations period, performed any work for Defendant as a cafeteria worker, or in any other similar position, in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.     During all times applicable to the NYLL, Defendant has employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

24.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) whether Defendant required and requires each Rule 23 Plaintiff to work in excess of forty hours per week; (3) the manner of compensating, or not compensating, each Rule 23 Plaintiff; (4) whether Defendant properly compensated and compensates the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (5) whether Defendant pays and paid the Rule 23 Plaintiffs all of their earned wages at least as frequently as on a weekly basis; (6) whether Defendant compensated and compensates the Rule 23 Plaintiffs at least at the legally-required minimum wage rate of pay for all hours worked in a week; (7) whether Defendant compensated and compensates the Rule 23 Plaintiffs with one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeds ten; (8) whether Defendant compensated and compensates the Rule 23 Plaintiffs at the agreed upon regular hourly rate of pay for all hours worked up to forty in a week; (9) whether Defendant furnished and furnishes the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information required by NYLL § 195(3); (10) whether Defendant furnished and furnishes the Rule 23 Plaintiffs with an accurate wage notice at hiring as required by NYLL § 195(1); (11) whether Defendant kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (12) whether Defendant kept and maintained records with respect to the compensation

7

that it paid to the Rule 23 Plaintiffs; (13) whether Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (14) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (15) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25.     As described in the "Background Facts" section below, Defendant employed Plaintiff and the Rule 23 Plaintiffs as non-managerial hourly employees in New York who worked as cashiers, grill workers, food preparers or in a similar role.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendant in excess of forty hours per week, yet Defendant has failed to: pay them at the statutorily required rate of one and one-half times their respective regular rates of pay for all of their hours worked in a week in excess of forty; pay them all of their earned wages at least as frequently as on a weekly basis; pay them at least at the legally-required minimum wage rate of pay for all hours worked in a week; pay them one hour's pay at the minimum wage rate for any day worked in which the spread of hours has exceeded ten; pay them at the agreed upon regular hourly rate of pay for all hours worked up to forty in a week; provide them with an accurate wage statement on each payday; and provide them with an accurate wage notice at the time of their hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, to be paid all earned wages at least as frequently as on a weekly basis, to be paid at least at the legally-required minimum wage rate of pay for all hours worked in a week, to be paid spread of hours premiums when the law requires, to be paid at the agreed upon regular hourly rate of pay for all hours worked in a week up to forty, to be furnished with an accurate wage statement on each payday, and to be furnished with an accurate wage notice at the time of hire.  Plaintiff and

the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

<u>Adequacy</u>

26.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendant.  Defendant did not pay Plaintiff at the proper overtime rate for all of her hours worked over forty each week, did not pay Plaintiff all of her earned wages at least as frequently as on a weekly basis, did not pay Plaintiff at least at the legally-required minimum wage rate for all hours worked in a week, did not pay Plaintiff spread of hours premiums on those days when her shift exceeded ten hours from beginning to end, did not pay Plaintiff at the agreed upon regular hourly rate of pay for all hours worked up to forty in a week, did not furnish Plaintiff with an accurate wage statement on each payday, and did not furnish Plaintiff with an accurate wage notice at her time of hiring, which is substantially-similar to how Defendant paid and treated the Rule 23 Plaintiffs.  Plaintiff is no longer employed with Defendant and thus has no fear of retribution for her testimony.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer that pertain to her.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

27.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

28.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29.     Any lawsuit brought by any non-managerial hourly employee of Defendant for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

30.     Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

31.     Defendant is an Ohio corporation that maintains its headquarters at 2590 Elm Road NE, Warren, Ohio 44483, and which provides food services throughout the United States, including operating cafeterias in educational institutions, hospitals, and businesses within New York.

32.     Plaintiff worked for Defendant as a cashier, grill worker, and food preparer, from on or about August 28, 2022, until May 2, 2023, at cafeterias that Defendant operated at Mercy University's Bronx and Westchester campuses.

33.     In that role, Plaintiff's primary job responsibilities consisted of preparing food for the day, including cutting up vegetables for the salad bar, slicing meat for sandwiches, cleaning and cutting up fruit for smoothies, making sandwiches for students, frying foods in the deep fryer, and checking students out at the cash register.

34.     At her time of hire, Defendants' Director of Operations, Charles D'Angelo, agreed to pay Plaintiff at a regular hourly rate of $18.00 per hour at an overtime rate of $27.00 per hour.

35.    However, from August 28, 2022, until April 22, 2023, Defendant paid Plaintiff at the regular hourly rate of $15.30 per hour and an overtime rate, when Defendant actually paid Plaintiff anything for her overtime hours, of $22.95 per hour.  And from April 23, 2023, to May 2, 2023, Defendant paid plaintiff at a regular hourly rate of $15.60 per hour.

36.    Throughout Plaintiff's employment, D'Angelo confirmed to Plaintiff, both verbally and *via* text message, that Defendant was supposed to pay Plaintiff at the regular hourly rate of $18.00.

37.    Throughout Plaintiff's employment, Defendant scheduled Plaintiff to work six days per week, Monday to Friday from 8:00 a.m. to 4:00 p.m. with one half-hour break per shift, and Sunday from 7:00 a.m. to 3:00 p.m. without a scheduled or uninterrupted break, for a total of forty-five and one-half hours per week.  However, in practice, Plaintiff was never able to take an uninterrupted break during her shifts.  Additionally, in most weeks, on either Wednesday or Thursday, Defendant required Plaintiff to work, and Plaintiff did work, until 11:30 p.m., with one thirty-minute break in the evening.  Thus, despite her schedule, Plaintiff actually worked fifty-five hours each week.

38.    Despite her hours, for most weeks, Defendant paid Plaintiff for fewer than forty hours of work and at the lower-than-agreed-to regular hours rates detailed above and paid her nothing for her hours worked in a week over forty.

39.    Additionally, Defendant also failed to pay Plaintiff one hour's pay at the minimum wage rate for each day worked during which her shift exceeded ten hours from beginning to end, which was two shifts for most weeks.

40.     By way of example only, for the week of December 11 through December 17, 2022, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule:

Sunday, December 11, 2022: 7:00 a.m. until 3:00 p.m., without a break;

Monday, December 12, 2022: 8:00 a.m. until 4:00 p.m., without a break;

Tuesday, December 13, 2022: 8:00 a.m. until 4:00 p.m., without a break;

Wednesday, December 14, 2022: 8:00 a.m. until 11:30 p.m., with one half-hour break;

Thursday, December 15, 2022: 8:00 a.m. until 4:00 p.m., without a break;

Friday, December 16, 2022: 8:00 a.m. until 4:00 p.m., without a break; and

Saturday, December 17, 2022: off.

Accordingly, Plaintiff worked a total of fifty-five hours during this week.  In exchange for her work, Defendant paid Plaintiff at the lower-than-agreed-to regular hourly rate of $15.30 for the first thirty-three hours that she worked and nothing for her remaining twenty-two hours of work. Moreover, for the day that Plaintiff worked this week during which her shift exceeded ten hours from beginning to end, Defendant did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate.  Defendant further failed to pay Plaintiff at least at the minimum wage rate that the NYLL requires for each hour of work.

41.     Throughout her employment, Defendant paid Plaintiff on a weekly basis by check.

42.     On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked, her proper regular and overtime rate, and her regular and overtime wages owed.  Defendant's failure to provide Plaintiff with an accurate wage statement on each payday deprived Plaintiff of the ability to know exactly how much compensation she was entitled to receive and contributed to the underpayment of wages as asserted herein.

43.     Additionally, at the time of her hire, Defendant failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's regular and overtime rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendant; the name of Defendant; any "doing business as" names used by Defendant; the physical address of Defendant's main office or principal place of business, and a mailing address if different; and Defendant's telephone number.  Defendant's failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation she was entitled to receive and contributed to the underpayment of wages as asserted herein.

44.     Defendant has treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described to this point herein.

45.     Defendant has acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

46.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendant's benefit.

47.     Plaintiff frequently complained to D'Angelo, sometimes *via* text message, about the missing hours from her paychecks, including her missing overtime hours.

48.     D'Angelo would tell Plaintiff that he was "working on it."

49.     Following months of D'Angelo "working on it," without any progress, in April 2023, Plaintiff contacted Defendant's human resources department about not being paid at her correct hourly rate of pay, not being paid for all of her hours worked, and not being paid for all of her overtime hours at the rate of one and one-half times her regular rate of pay.  Plaintiff also asked

for a copy of her wage notice, which she had never received, and still never received even after requesting it.

50.     Less than one month later, on May 2, 2023, after Plaintiff completed her shift, D'Angelo informed Plaintiff that Defendant did not need her services anymore and that she should no longer come in to work.  Defendant then sent Plaintiff a letter confirming that it had terminated her employment.

<u>**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**</u>
<u>*Unpaid Overtime Under the FLSA*</u>

51.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

53.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

54.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

55.     Defendant willfully violated the FLSA.

56.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime Under the NYLL and the NYCRR*

58.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.    NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

60.    As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

61.    As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

62.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

63.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

64.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65.     NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages on at least as frequently as a weekly basis.

66.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are manual worker employees within the meaning of the NYLL.

67.     As also described above, Defendant failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, all of their earned wages on at least as frequently as a weekly basis, either by not paying them at all for many hours of work or by paying them less than the agreed-upon regular rate of pay per hour of work.

68.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their earned but still unpaid or short-paid wages, liquidated damages associated with any missed, short, or late payment, interest, and attorneys' fees for Defendant's violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Minimum Wages Under the NYLL and the NYCRR*

69.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

71.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

72.     As also described above, Defendant failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

73.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

74.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's minimum wage provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

75.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.     NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

77.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

78.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked days where their spread of hours exceeded ten, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

79.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

80.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's spread-of-hours provisions.

<strong><u>SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT</u></strong><br><em><u>Unlawful Deductions in Violation of the NYLL</u></em>

81.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances.

83.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

84.     As also described above, Defendant made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, by not paying them at all for several hours and by paying them less than the agreed-upon regular rate of pay for several other hours of work.

85.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to recover from Defendant the amount of each unlawful deduction.

86.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's unlawful deduction provisions.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

87.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

89.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

90.     As also described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained the criteria that the NYLL requires.

91.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

92.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

93.    NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

94.    As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

95.    As also described above, Defendant failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained the criteria that the NYLL requires.

96.    Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Retaliation in Violation of the FLSA*

97.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98.    29 U.S.C. § 215(a)(3) prohibits an employer from discharging or in any other manner discriminating against an employee because such employee has engaged in activity protected under the FLSA.

99.    As described above, Defendant is an employer within the meaning of the FLSA while Plaintiff was an employee within the meaning of the FLSA.

100.    As also described above, after Plaintiff engaged in activity protected under the FLSA, Defendant retaliated by terminating Plaintiff's employment.

101.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which she is entitled to an award of monetary damages and other relief.

102.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and other emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

103.    Plaintiff is also entitled to punitive damages, liquidated damages, and attorneys' fees for Defendant's violations of the FLSA's anti-retaliation provisions.

## TENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Retaliation in Violation of the NYLL*

104.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

105.    Section 215(1) of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint to her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision under or related to the NYLL.

106.    As described above, Defendant is an employer within the meaning of the NYLL while Plaintiff was an employee within the meaning of the NYLL.

107.    As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendant retaliated by terminating Plaintiff's employment.

108.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, for which she is entitled to an award of monetary damages and other relief.

21

109.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and other emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

110.    Plaintiff is also entitled to punitive damages, liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's anti-retaliation provisions.

111.    Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of her claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

112.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b.    Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    Certification of the claims brought in this case under the NYLL and NYCRR as a class action pursuant to FRCP 23;

f.    Designation of Plaintiff and her counsel as collective/class action representatives under the FLSA and the FRCP;

g.    Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

h.    Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i.    Granting an award of punitive damages commensurate with Defendants' ability to pay in connection with Plaintiff's retaliation claims;

j.    Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with her retaliation claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that she would have received but for Defendant's unlawful conduct;

k.      Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with her retaliation claims;

l.      Granting an award of damages to be determined at trial to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment in connection with her retaliation claims;

m.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

n.      Pre-judgment and post-judgment interest, as provided by law; and

o.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  Garden City, New York
        August 30, 2024

                                Respectfully submitted,

                                BORRELLI & ASSOCIATES, P.L.L.C.
                                *Attorneys for Plaintiff*
                                910 Franklin Avenue, Suite 205
                                Garden City, New York 11530
                                Tel. (516) 248-5550
                                Fax. (516) 248-6027

                By:      _____
                                SHARAN R. ABRAHAM, ESQ. (SA 1234)
                                ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                                MICHAEL J. BORRELLI, ESQ. (MB 8533)