UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BIANCA CASTILLO, *on behalf of herself,*
*individually, and on behalf of all others*
*similarly situated,*

                                Plaintiff,                      **ORDER**

            -against-                               24 Civ. 6591 (KMK) (AEK)

AVI FOOD SYSTEMS, INC.,

                                Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       On February 14, 2025, this Court granted the motion to withdraw filed by Borrelli & Associates, PLLC ("Borrelli"), which had been representing Plaintiff Bianca Castillo ("Plaintiff") in this matter. ECF No. 33. In the February 14 Order, based on the representations made by counsel at a video hearing before this Court on February 14, 2025, this Court noted that Borrelli was not asserting either a retaining lien or a charging lien. *See id.* After Borrelli withdrew, Plaintiff, proceeding *pro se*, reached a settlement with Defendant AVI Food Systems. *See* ECF No. 38. Because this case involves a claim brought pursuant to the Fair Labor Standards Act, the parties have filed an application seeking approval of their settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 40.

On March 14, 2025, Plaintiff submitted a letter to this Court which was automatically docketed by the Clerk of Court.[1]  *See* ECF No. 41.  In the letter, Plaintiff explains that she has received a notice from Borrelli demanding that she pay the firm $1,073, and seeks guidance from the Court.  *Id.*  While the precise timing of the Borrelli invoice is not clear from Plaintiff's correspondence, it appears as though it may have been issued only after Plaintiff and Defendant reported to this Court that they had reached a settlement in principle.  Further, the basis for Borrelli's request for payment is not specified in Plaintiff's letter.  In light of Borrelli's representation to the Court that it was not seeking either a retaining lien or a charging lien in this case, and because the application for *Cheeks* approval of the parties' settlement is currently pending before Judge Karas, Borrelli must address certain issues.

**By no later than March 25, 2025**, Borrelli must submit a letter to this Court via ECF, with a copy delivered by email to Plaintiff, that explains:

(1)   the basis for the demand that Plaintiff pay the firm $1,073, including documentation substantiating the amount claimed to be due and owing, and a legal analysis—with appropriate citations to relevant authority—detailing how the firm's pursuit of this amount is consistent with the representation to this Court that the firm was not asserting a retaining lien or a charging lien; and

(2)   how the firm's demand for payment from Plaintiff should be evaluated in the context of Judge Karas's consideration of the parties' application for settlement approval

---

[1] In the letter, Plaintiff "kindly request[ed] that [this Court] not include [the] email/letter in public records."  *See* ECF No. 41 at 1.  This Court notes that the correspondence was automatically docketed because Plaintiff sent the message to an email address that exists primarily to facilitate public filing of correspondence from *pro se* parties.  While this Court appreciates why Plaintiff made this request, Plaintiff provides no basis for maintaining the letter under seal, and the presumption in favor of public access to judicial documents requires that the application for sealing be denied.

pursuant to *Cheeks*. This portion of the submission should include citations to legal authority detailing how other courts have handled demands for fees and/or expenses in the FLSA context from firms that have withdrawn as counsel prior to a former client entering into a proposed settlement agreement, or anything analogous.

Alternatively, should Borrelli prefer to avoid incurring any additional expenses in this matter, Borrelli may withdraw its demand for payment of $1,073 from Plaintiff. If Borrelli chooses this option, Borrelli need not address the substantive questions specified above; instead, Borrelli must then submit a letter via ECF by March 25, 2025 reporting the withdrawal of its demand for payment, and must deliver a copy of that letter via email to Plaintiff.

Borrelli is further directed to file via ECF proof of service on Plaintiff via email of a copy of whatever correspondence Borrelli submits to this Court.

This Court notes that Chambers staff has emailed a copy of this Order to the *pro se* Plaintiff at Biancacastillo4321@icloud.com and to all three of Plaintiff's former attorneys of record (Sharan Abraham, Esq., Alexander Coleman, Esq., and Michael Borelli, Esq.) at their email addresses of record on the docket as of the date of their termination (*i.e.*, SRA@employmentlawyernewyork.com; atc@employmentlawyernewyork.com; and mjb@employmentlawyernewyork.com).

Dated: March 19, 2025
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge