UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIANCA CASTILLO,

                       Plaintiff,

    v.

AVI FOOD SYSTEMS INC.,

                       Defendant.

No. 24-CV-6591 (KMK)

OPINION & ORDER

Appearances:

Bianca Castillo
Yonkers, NY
*Pro Se Plaintiff*

Austin Hee, Esq.
Littler Mendelson, P.C.
New York, NY
*Counsel for Defendant*

Timothy S. Anderson, Esq.
Littler Mendelson, P.C.
Cleveland, OH
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Plaintiff Bianca Castillo ("Castillo") brought this Action against Defendant AVI Foodsystems ("Defendant")[1] pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), §§ 160 *et seq.*, and the 12 New York Codes, Rules and Regulations ("NYCRR") §§ 146 *et seq.* (*See generally* Compl. (Dkt. No. 1).)

---

[1] Although Defendant is listed as "Avi Food Systems Inc." in the Complaint and in the case caption, (*see generally* Compl; Dkt.), the Parties jointly refer to Defendant as "AVI Foodsystems, Inc." in their applications for settlement approval, (*see* Dkt. Nos. 40, 47).

Before the Court are two settlement agreement applications for Castillo and opt-in Plaintiff Wilbert Harris ("Harris") (together with Castillo, "Plaintiffs"). (*See* Letter Application for Settlement Approval ("Castillo Application") (Dkt. No. 40); Letter Application for Settlement Approval ("Harris Application") (Dkt. No. 47).) For the following reasons, both Applications are denied without prejudice.

## I. Background

### A. Factual Background

As set forth in the Complaint, Castillo was employed by Defendant from on or about August 28, 2022, until on or about May 2, 2023. (Compl. ¶ 2.) At all relevant times, Castillo worked "as a cashier, grill worker, and food preparer." (*Id.* ¶ 32.)

Castillo alleges that during the time she was employed by Defendant, she regularly worked six days per week, ranging from 45.5 to 55 hours per week in total, but was paid for fewer than 40 hours of work. (*Id.* ¶¶ 37–38.) Castillo further alleges that Defendant had agreed to pay her a regular hourly rate of $18.00 and an overtime hourly rate of $27.00, but Defendant instead paid her a regular hourly rate of $15.30 and an overtime hourly rate of $22.95. (*Id.* ¶¶ 34–35.) Castillo also alleges that Defendant failed to pay her overtime premiums for working in excess of 40 hours per week and failed to pay her the "spread of hours" pay at the minimum wage rate for each she worked a shift over 10 hours. (*Id.* ¶¶ 38–39.)

Castillo asserts various wage and hour violations based on these events. Specifically, Castillo alleges that Defendant: (1) failed to pay premium overtime pay in violation of the FLSA, NYLL, and NYCRR, (*id.* ¶¶ 51–63); (2) failed to pay a lawful minimum wage in violation of the NYLL and NYCRR, (*id.* ¶¶ 69–74); (3) failed to pay wages on a timely basis in violation of the NYLL, (*id.* ¶¶ 64–68); (4) failed to pay a "spread of hours" premium for each day she worked a

shift over 10 hours, in violation of the NYLL and NYCRR, (*id.* ¶¶ 75–80); (5) failed to provide wage statements and related notices in violation of the NYLL, (*id.* ¶¶ 87–96); (6) made unlawful deductions in violation of the NYLL, (*id.* ¶¶ 81–86); and (7) retaliated against Castillo in violation of the FLSA and NYLL, (*id.* ¶¶ 97–111).  Accordingly, Castillo seeks to recover unpaid wages, unpaid overtime wages, liquidated damages, statutory damages, punitive damages, compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, and an injunction and a declaratory judgment against Defendant.  (*Id.* at 22–24.)[2]  Harris joined the lawsuit as an opt-in Plaintiff for all of Castillo's wage and hour-related claims.  (*See* Harris Application 1.)

B.  Procedural History

Castillo filed this putative collective action on August 30, 2024, and Harris joined as an opt-in Plaintiff.  (*See* Harris Application 1.)  Although Harris later filed a stipulation to dismiss his claims, the Court rejected it.  (*See id.*)  Castillo's counsel filed a motion to withdraw, which the Court granted on February 14, 2025.  (*See* Dkt. No. 33.)  In March 2025, Castillo and Defendant sought approval of a proposed settlement agreement, (*see generally* Castillo Application), which is still pending.  Harris and Defendant now propose a similar settlement agreement for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  (*See generally* Harris Application.)

---

[2] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.  The Court does so here because the Complaint does not number the relevant paragraphs.

3

II. Discussion

A. Standard of Review

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Second Circuit has held the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. Therefore, the Court must be satisfied the parties' agreement is "fair and reasonable." *Burgos v. JAJ Cont. Furniture Inc.*, No. 23-CV-3739, 2024 WL 3834147, at *2 (S.D.N.Y. Aug. 14, 2024) (quoting *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015)); *see also Ramos v. DNC Food Serv. Corp.*, No. 19-CV-2967, 2022 WL 576300, at *1 (S.D.N.Y. Feb. 25, 2022) (noting that the court must be satisfied that the settlement is "fair and reasonable" to approve it (citing *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015))).

When assessing the fairness of a proposed settlement, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Tapia v. Lira*, No. 18-CV-10771, 2021 WL 5086300, at *2 (S.D.N.Y. Nov. 2, 2021) (quotation marks omitted); *see Burgos*, 2024 WL 3834147, at *2 (indicating a strong presumption in finding the settlement fair (citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013))).

Although the Court must consider the totality of circumstances, the most significant factors are:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Burgos*, 2024 WL 3834147, at *3 (conducting a fairness analysis utilizing the same five significant factors).

Certain other factors weigh against finding the proposed settlement fair and reasonable, which include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (internal quotation marks omitted); *Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (citing the same four factors as weighing against fairness and reasonableness); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (citing the same four factors as weighing against fairness and reasonableness).

This decision "is thus an information intensive undertaking," *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014), and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y.

5

Dec. 3, 2015) (citation and quotation marks omitted). To this end, courts require information regarding:

> the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . ., the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award.

*Id.* (first alteration in original) (quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

B. Application

    1. Settlement Fairness

The Court is satisfied that the Parties negotiated both settlement agreements competently, in good faith, at arm's length, and that there is no evidence of fraud or collusion in either. (*See* Castillo Application 2; Harris Application 2.) Castillo initiated the settlement before Judge Krause and sought legal advice throughout the negotiations. (*See* Castillo Application 2.)[3]

---

[3] The first *Wolinsky* factor—i.e., the presence of similarly situated employees—was not briefed in either proposed settlement agreement by the Parties, but does weigh in favor of approval. Given the protective purpose of the FLSA, "the presence of other employees situated similarly to the claimant" is a factor that weighs against approving a settlement. *Wolinsky*, 900 F. Supp. 2d at 336. This lawsuit was initiated as a putative collective action, but, apart from Harris, no opt-in plaintiffs joined this action. (Harris PSA 1.) A collective action was never conditionally certified, and a class action was not certified. (*Id.*) For these reasons, both the Castillo PSA and Harris PSA are limited to Plaintiffs' individual wage claims. (*Id.*) As Harris is the only opt-in Plaintiff, the Court is not aware of the presence of any other similarly situated Plaintiffs, and thus, this factor weighs in favor of approving the settlements. *See Montes v. Cnty. Comfort Home Sols., Inc.*, No. 23-CV-7579, 2024 WL 5004676, at *4 (S.D.N.Y. Dec. 6, 2024) (noting that courts have recognized no other employee coming forward and the plaintiff being the only employee affected by settlement and dismissal as "factors that support approval of the proposed settlement"); *Escobar v. Fresno Gourmet Deli Corp.*, No. 16-CV-6816, 2016 WL 7048714, at *3 (S.D.N.Y. Dec. 2, 2016) (noting that because the court was "not aware of other employees in the same position" as the plaintiff and because the plaintiff would "be the only employee affected by the settlement and dismissal" of the lawsuit, the weight was in favor of settlement); *Penafiel*, 2015 WL 7736551, at *2 (noting that because "[n]o other employee has come forward" and "only the named plaintiffs would be affected by dismissal," the proposed settlement agreement weighed in favor of approval).

Although Castillo is proceeding pro se, this will not bar the Court from approving the settlement if it is otherwise fair and reasonable. *See Coker v. Turner Cnty. Bd. of Comm'rs*, No. 17-CV-119, 2019 WL 13301633, at *1 (M.D. Ga. Nov. 22, 2019) (approving a settlement agreement, despite the plaintiff's pro se status, since all parties "had the full opportunity to read and review the settlement agreement and discuss the same with counsel"); *Deitz v. Budget Renovations & Roofing, Inc.*, No. 12-CV-718, 2013 WL 2338496, at *7 (M.D. Pa. May 29, 2013) (approving a settlement despite the plaintiff's pro se status); *cf. Vasquez v. Sylhet Motors Inc.*, No. 21-CV-959, 2024 WL 1051114, at *1 (E.D.N.Y. Jan. 16, 2024) (approving a settlement between the plaintiff and a pro-se defendant, where reasonableness factors weighed in favor of approval); *Naraine v. Washdry Tech Inc.*, 749 F. Supp. 3d 398, 406 (E.D.N.Y. 2024) (noting that defendant's counsel's failure to appear does not preclude approval of a *Cheeks* agreement). Additionally, Harris was represented by experienced counsel during the extensive settlement negotiations. (*See* Harris Application 2.)

To assess whether the settlement amounts are fair and reasonable, the Court must consider each Plaintiff's maximum potential for recovery. *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879, 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022). Defendant agrees to pay Castillo a total sum of $4,000. (*See* Castillo Application Ex. 1 ("Proposed Settlement Agreement" or "Castillo PSA") ¶ 2 (Dkt. No. 40-1).) This amount exceeds Castillo's potential recovery for unpaid wage damages, which is $3,748. (Castillo Application 2.) Defendant also agrees to pay Harris a total sum of $8,625. (*See* Harris Application 1.) This amount exceeds Harris' potential recovery for unpaid wage damages, which is $6,814.29. (*See* Harris Application 3.)

Nevertheless, the Court cannot determine whether the settlement amounts are fair and reasonable, because maximum potential recovery must include "all possible sources of a plaintiff's potential damages . . . ." *Leonardo*, 2022 WL 2440975, at *2 (citing *Ramos*, 2022 WL 576300, at *2 n.1).  In addition to unpaid wage damages, Castillo and Harris originally claimed overtime and punitive damages, among others.  (*See generally* Castillo Application; Harris Application.)  However, the Parties do not address or calculate these other damages, (*see generally id.*), so the Court is unaware of each Plaintiff's maximum potential recovery, *see Leonardo*, 2022 WL 2440975, at *2 (indicating that the "maximum possible recovery" must include all possible bases for monetary relief  (citing *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 316, 322 (S.D.N.Y. 2021)).  The Court is therefore unable to determine whether the settlement amounts are fair and reasonable.  *See Vasquez v. Tasty Picks II Corp.*, No. 21-CV-8799, 2022 WL 16857074, at *2 (S.D.N.Y. Nov. 10, 2022) (explaining that the court must review the plaintiff's maximum recovery and its components to assess fairness of the settlement amount); *see also Miranda v. Grace Farms*, No. 16-CV-1369, 2022 WL 1771720, at *5 (S.D.N.Y. May 31, 2022) (noting that not all possible damages were accounted for, so the court could not determine reasonableness of the settlement amount).  To accurately assess the reasonableness of both settlement amounts, the Parties must clarify and substantiate their estimates of each Plaintiff's maximum recovery.  *See Vasquez*, 2022 WL 16857074, at *2 (requiring calculations of the plaintiff's maximum recovery to review the settlement for fairness and reasonableness).

    2.  Release Provision

"[T]he FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, and courts will not approve settlement agreements that contain overly broad release provisions that would

8

"waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *id.* at 206 (quotation marks omitted) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181); *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (requiring that "any release provision must be limited to the claims at issue in this action" to obtain court approval); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825, 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (rejecting proposed settlement releasing "any and all FLSA claims and NYLL claims of any kind or nature"). To that end, releases must generally be limited to wage and hour issues, *see Cheek*s, 796 F.3d at 206, and "may include claims not presented and even those which could not have been presented, but only when the released conduct arises out of the identical factual predicate as the settled conduct," *Nights of Cabiria*, 96 F. Supp. 3d at 181 (citation and quotation marks omitted). Because of this standard, "a number of judges in this District refuse to approve any FLSA settlement unless the release provisions are limited to the claims at issue in this action." *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515, 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (alteration adopted and quotation marks omitted). Broad releases are problematic in FLSA proposed settlement agreements, in part because "courts have a duty to police unequal bargaining power between employees and employers." *Flood v. Carlson Rests. Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015). Since the release provision is identical in both agreements, the following analysis applies to both.

Here, the Proposed Settlement Agreement provides that:

> Castillo hereby promises not to sue and forever releases and discharges the Company, including its related, affiliated, and associated companies, direct or indirect parent or subsidiary companies, divisions, predecessors, successors, and assigns, and their owners, officers, directors, agents, employees, and attorneys ("Released Parties") from any and all claims, damages, costs, and attorneys' fees, known or unknown, which she may now have against the Released Parties,

9

>including, but not limited to, (1) all claims that Castillo may have arising out of or resulting from her employment with the Company or termination therefrom, including retaliation and wrongful termination claims; (2) all claims for unpaid compensation, wages, overtime, minimum wages, improper wage deductions, spread of hours pay, call-in pay, business expenses, timely pay, wage statement violations, and wage notice violations; (3) all contractual claims arising from Castillo's employment with the Company; (4) all claims Castillo asserted or could have asserted in the Lawsuit; (5) all claims for liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs; and (6) all claims for violation of any rights under any federal, state, or local statute, regulation, or ordinance, except those claims excluded below.

(Castillo PSA ¶ 3.) Defendant asserts that "[w]hile the agreement does contain a general release, as opposed to just a release of wage claims, that is because Castillo's claims extended beyond wage and hour claims. Indeed, her primary claim – Defendant's failure to pay her the wage rate that it offered her – sounds in contract law and is not a violation of the FLSA." (Castillo Application 2–3.) But all 10 of Castillo's claims were grounded in either the FLSA, NYLL, or the NYCRR, not contract law. (*See* Compl. ¶¶ 51–111.) In a settlement of a wage and hour case, the terms should "relate[] specifically to wage and hour issues without encompassing, for example, prospective discrimination claims." *Pucciarelli v. Lakeview Cars, Inc.*, No. 16-CV-4751, 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017). But here, the terms are not "limited to conduct [that] arises out of the identical factual predicate as the settled conduct." *Rojas v. Bronx Moon LLC*, 2018 WL 4931540, at *3 (citing *Nights of Cabiria*, 96 F. Supp. 3d at 181); *see also Khan v. Yonkers Auto Ctr., Inc.*, No. 19-CV-5581, 2022 WL 2866459, at *4 (S.D.N.Y. July 21, 2022) ("This . . . language expressly limits the release provision to the claims at issue in this Action, which is what is called for under the caselaw.").

Instead, this release provision waives Defendant's liability for "all claims that Castillo may have arising out of or resulting from her employment with the Company or termination therefrom, including retaliation and wrongful termination claims[,]" "all contractual claims

10

arising from Castillo's employment with the Company[,]" and "all claims for violation of any rights under any federal, state, or local statute, regulation, or ordinance, except those claims excluded below." (*See* Castillo PSA ¶ 3.) The caselaw makes clear that a release provision must be limited to the claims at issue in the instant action. *See Lazaro-Garcia*, 2015 WL 9162701, at *2; *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (rejecting a settlement agreement where "the parties' release language . . . include[d] 'actions and/or claims against the [d]efendants, known or unknown, which [the plaintiff] may have as of the date of this [a]greement including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to [the] [d]efendants' payment of wages to [the] [p]laintiff during [the] [p]laintiff's employment with [the] [d]efendants'"); *cf. Perez v. Ultra Shine Car Wash, Inc.*, No. 20-CV-782, 2022 WL 2129053, at *5 (S.D.N.Y. June 14, 2022) (approving a settlement agreement where the proposed release provision applied only to "any and all claims arising under the FLSA, the NYLL, and the Wage Theft Prevention Act . . . limited solely and only to wage and hour claims"). Because this provision releases potential claims that do not arise out of the identical factual predicate of the instant action, it is too broad for approval.

### III. Conclusion

For the reasons set forth above, the Parties' Applications are denied without prejudice. The Parties may reapply for approval of settlements that comply with this Order.

SO ORDERED.

Dated: July 16, 2025
       White Plains, New York

                                                KENNETH M. KARAS
                                                United States District Judge